United States District Court
for the
Southern District of Florida

| Lisa Elliot, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 19-24250-Civ-Scola |
| | ) | |
| CLEANWRX, Inc. and others, Defendants. | ) ) | |

## Order Granting Defendants' Motion to Dismiss

This matter is before the Court on the Defendants' motion to dismiss Count I of the Plaintiff's complaint. (ECF No. 8.) The Plaintiff responded (ECF No. 9) and the Defendants timely replied. (ECF No. 10.) Upon review, the Court **grants** the Defendants' motion (**ECF No. 8**) but not for the reasons set forth by the Defendants.

Count I of Plaintiff's complaint asserts a claim for race discrimination under 42 U.S.C. § 1981. (ECF No. at 3.) According to the Plaintiff, she was employed as a maid by the Defendants and was assigned to clean her supervisor's friend's apartment. (*Id.* at ¶¶ 9-10.) While she was cleaning the apartment, she noticed that there were swastikas all over the apartment and a monkey that read "Jolly Nigger Bank." (*Id.* at ¶ 12.) The Plaintiff took pictures of this and showed it to her supervisor, Patrice Bushman. (*Id.* at ¶ 14.) When she showed Patrice the pictures, Patrice said there were no issues with the photographs and told Plaintiff to concentrate on her work. (*Id.* at ¶ 16.) The Plaintiff explained that she could not work in an environment with those types of images. Patrice began yelling at her and said, "well I'm not going to pay you because you guys are dogs, and you're my slave and I don't have to pay a slave." (*Id.* at ¶ 18.) The Plaintiff had "no other choice" but to resign. (*Id.* at ¶ 19.)

The Defendants move to dismiss Count I and argue that "the crux of Plaintiff's discrimination claim is that she was constructively discharged because of her race and that she was subjected to a hostile work environment[.]" (ECF No. 8 at 4.) The Plaintiff responds by referring to her race discrimination and constructive discharge claims. (ECF No. 9 at 4.) Count I of the Plaintiff's complaint does not reference constructive discharge or a hostile work environment.

Upon review of the complaint, the Court finds that Count I is a shotgun pleading and violates the "one-claim-per-count rule." *McKenzie v. EAP Mgmt. Corp.*, No. 98-6062, 1998 WL 657524, at *1 (S.D. Fla. July 27, 1998) (Dimitrouleas, J.) (citing Rule Fed. R. Civ. P 10(b)). The Plaintiff's complaint joins

"myriad factual allegations and legal theories . . . into a single count." *Id.* at *3. "Such shotgun pleading imperils fundamental principles of due process." *Id.* Here, the Defendant argues for dismissal of a hostile work environment and constructive discharge claims, while the Plaintiff responds and argues in support of her race discrimination and constructive discharge claim. The complaint includes allegations related to a "pattern of continuous discrimination," as well as allegations related to "unbearable work conditions" and Plaintiff feeling forced to resign. The parties are referring to and conflating at least three different claims for relief.[1] "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *McKenzie*, 1998 WL 657524 at *1.

Accordingly, the Court **grants** the Defendant's motion (**ECF No. 8**) and dismisses Count I with leave to amend. The Plaintiff may file an amended complaint by **December 20, 2019**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff shall assert each theory of liability as a separate cause of action. And any legal conclusions that form the basis for those claims must be supported by good faith factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359, 2012 WL 2049431, at *6 (S.D. Fla. June 5, 2012) (Scola, J.) ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.").

**Done and ordered**, in Chambers, in Miami, Florida on December 12, 2019.

Robert N. Scola, Jr.
United States District Judge

---

[1] A plaintiff may raise the following theories of race discrimination in employment: (1) pattern and practice; (2) hostile work environment; (3) constructive discharge; (4) mixed motive; (5) disparate treatment; (6) failure to promote; and (7) retaliation. *See Moody v. InTown Suites*, No. 04-1198, 2006 WL 8431638, at *1 n.2 (N.D. Ga. Feb. 1, 2006) (noting the various theories of race discrimination under § 1983).